O

1

2

3

4

5

6

7

8                         **UNITED STATES DISTRICT COURT**

9                         **CENTRAL DISTRICT OF CALIFORNIA**

10

11   ANTWAREN ROBERTS,                          Case No. 2:13-cv-07461-ODW(JCx)

12                    Plaintiff,                **ORDER GRANTING EX PARTE**
                                                 **APPLICATION FOR**
              v.                                 **ENLARGEMENT OF TIME TO**
13                                               **FILE RESPONSE TO FIRST**
     CALIFORNIA DEPARTMENT OF                    **AMENDED COMPLAINT [38]**
14   CORRECTIONS; T. RODIN; E. NIXON;
     STEVEN HOLDER; E. PEREZ; E.
15   RAMOS; G. CALDERON; B. CAMACK;
     DANIEL SOTO; M. BLANKENSHIP; A.
16   RODRIGUEZ; RON HUGHES; K.
     SMITH; TODD LANSFORD; ARBI
17   MASHI KAMALI; DANNY LEVYA;
     DOES 1–50; CALIFORNIA
18   DEPARTMENT OF CORRECTIONS
     AND REHABILITATION; JERRY
19   BROWN; JERRY BEARD; MATTHEW
     CATE,
20
                     Defendants.
21

22        On January 27, 2014, Defendant T. Rodin filed an Ex Parte Application for

23   Enlargement of Time to Respond to First Amended Complaint.  (ECF No. 38.)

24   Deputy Attorney General Danielle R. Hemple represents most of Defendants, but she

25   determined that a conflict of interest prevented her from further representing Rodin.

26   (Hemple Decl. ¶ 5.)  Hemple did not elaborate on the nature of the conflict.  But

27   Hemple states that the Office of the Attorney General obtained conflict counsel to

28   represent Rodin.  (*Id.* ¶ 6.)  Rodin therefore requests that the Court allow him an

1  additional 15 days to respond to Plaintiff Antwaren Roberts's First Amended
2  Complaint.

3      Roberts opposes the Ex Parte Application.  (ECF No. 42.)  Rodin argues that
4  under Federal Rule of Civil Procedure 6(b), Rodin filed his extension-of-time
5  application after court hours on the date his response was due—January 27, 2014—
6  and therefore the Court should deny his Application as untimely.

7      Roberts filed his First Amended Complaint on November 8, 2013.  (ECF
8  No. 9.)  On December 5, 2013, Roberts served Rodin.  (ECF No. 41; Lacher Decl.
9  ¶ 4.)  The parties then stipulated to allow Rodin and other Defendants until January
10  27, 2014, to respond to the First Amended Complaint—a stipulation which the Court
11  accepted.  (ECF Nos. 11, 12.)

12      Rodin filed then this Ex Parte Application at 5:52 p.m. PST on January 27,
13  2014, seeking an additional 15 days to respond.  (ECF No. 38.)

14      Rule 6(b) permits a court to extend time to do an act for good cause, among
15  others, "if a request is made[] before the original time or its extension expires."  Fed.
16  R. Civ. P. 6(b)(1)(A).  Rule 6 also states that when a period is stated in days, one
17  determines the end date by including the last day of the period.  *Id.* (a)(1)(C).  The
18  Rule defines "last day" for electronic filing as "midnight in the court's time zone,"
19  unless otherwise affected by statute, local rule, or court order.  *Id.* (4)(A).

20      The Central District of California Local Rules do not set a different standard; in
21  fact, they echo the same timeliness requirement.  C.D. Cal. L.R. 5-4.6.1 ("Unless
22  otherwise provided by order of the assigned judge, all electronic transmissions of
23  documents *must be completed prior to midnight* Pacific Standard Time or Pacific
24  Daylight Time, whichever is in effect at the time, in order to be considered timely
25  filed on that day."  (emphasis added)).

26      Rodin filed his request at 5:52 p.m. on January 27, 2014—the last day for him
27  to respond to the First Amended Complaint per the parties' stipulation.  Contrary to
28  / / /

1    Roberts's argument, Rodin timely made the response deadline by six hours and 8

2    minutes.

3         It is also curious that Roberts seeks to hew so closely to the time rules when he

4    filed his own opposition to the Ex Parte Application late.  This Court's own Rules

5    require that a party file an opposition to an ex parte application, if any, within 24

6    hours.   FAQs about Judges' Procedures and Schedules ¶ VII.C, *available at*

7    http://court.cacd.uscourts.gov/CACD/JudgeReq.nsf/2fb080863c88ab47882567c9007f

8    a070/d7596199bbd33e87882579f5006b0828?OpenDocument.  Since Rodin filed his

9    Ex Parte Application at 5:52 p.m. on January 27, 2014, Roberts had until 5:52 p.m. on

10   January 28, 2014, to oppose.  But Roberts filed his Opposition at 6:52 p.m.—one hour

11   late.  (ECF No. 42.)

12        But the Court need not formalistically consume itself with counting minutes and

13   hours in order to decide this Ex Parte Application.  Hemple indicated that she cannot

14   represent Rodin due to a conflict of interest, and the Office of the Attorney General

15   has already retained conflict counsel.  It would of course be the height of folly for this

16   Court to require Hemple to violate the ethics rules and continue to represent Rodin—

17   especially when Roberts has not indicate the situation is any different than Rodin

18   represents.

19        The Court therefore **GRANTS** Rodin's Ex Parte Application.  (ECF No. 38.)

20   Rodin alone shall have until Tuesday, February 11, 2014, to answer or otherwise

21   respond to Roberts's First Amended Complaint.  The Court will not grant any further

22   extensions absent compelling circumstances.

23        **IT IS SO ORDERED.**

24

25        January 29, 2014

26

27        _____

28        **OTIS D. WRIGHT, II**
          **UNITED STATES DISTRICT JUDGE**

3