**O**

# United States District Court
# Central District of California

| | |
|---|---|
| ANTWAREN ROBERTS, <br><br>            Plaintiffs, <br><br>   v. <br><br> CALIFORNIA DEPARTMENT OF CORRECTIONS, T. RODIN (#56159), E. NIXON (#79734), S. HOLDER (#77625), E. PEREZ (#71336), E. RAMOS (#57029), G. CALDERON (#75622), B. CAMACK (#74448), D. SOTO (#59309), M. BLANKENSHIP (#71326), A. RODRIGUEZ (#76993), RON HUGHES (#44815), K. SMITH (#44815), TODD LANSFORD (#70462), ARBI MASHI KAMALI; DANNY LEVA, and DOES 1–50 <br><br>            Defendants. | Case No. 2:13-cv-07461-ODW(JCx) <br><br> **ORDER GRANTING APPLICATION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS ARBI MASHI KAMALI AND DANNY LEYVA [58], [59]** |

## I. INTRODUCTION

Plaintiff Antwaren Roberts was a prisoner at the California Mens' Colony in San Luis Obispo on September 30, 2012, when Defendants Arbi Mashi Kamali and Danny Leyva stabbed him in his cell. Roberts filed suit against, among others, Kamali and Leyva on October 8, 2013, for assault and intentional infliction of emotional distress. Kamali and Leyva have not answered or otherwise responded to the Complaint, and the Clerk of Court accordingly entered default. Roberts then moved for entry of default judgment against Kamali and Leyva. For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion for Default Judgment.

## II. FACTUAL BACKGROUND

Roberts, Leyva, and Kamali were prisoners at the California Mens' Colony in San Luis Obispo. (ECF No. 1.) Leyva and Kamali were housed on the second floor in cell 5345, and Roberts was housed on the third floor in cell 5337. (Compl. ¶¶ 41, 48.) During a routine pill count on September 30, 2012, an officer observed Roberts fall out of his cell, bleeding from multiple lacerations, cuts and puncture wounds to his head, neck, torso, shoulders, back and thighs. (*Id*. at ¶¶ 42, 46, 52.) It was later determined that Roberts had been stabbed by Defendants, both of whom were observed leaving Roberts' cell with blood on their hands, arms, back, and stomach. (*Id*. at ¶¶ 48, 55.) After the stabbing, Roberts suffered emotional distress, including nightmares. (*Id*. at ¶ 53) Defendants were subsequently convicted of attempted murder as a result of the incident. (Mot. 5.)

On October 8, 2013, Roberts filed suit against multiple defendants, including Leyva and Kamali. (ECF No. 1.) Roberts alleges claims against Leyva and Kamali for assault and intentional infliction of emotional distress. (*Id*.) Roberts served Leyva and Kamali on November 5, 2013. (ECF Nos. 13, 36.) Since Defendants never answered or otherwise responded to the Complaint, the Clerk of Court entered default against Leyva and Kamali. (ECF No. 52.) Roberts then moved for entry of default

/ / /

judgment against both Defendants. (ECF No. 55.) That Motion is now before the Court for decision.

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) authorizes a district court to grant default judgment after the default is entered under Rule 55(a). Local Rule 55-1 requires that the movant submit a declaration establishing (1) when and against which party default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor, incompetent person, or active servicemember; and (4) that the defaulting party was properly served with notice if required by Federal Rule of Civil Procedure 55(b)(2).

A district court has discretion whether to enter default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Upon default, the defendant's liability generally is conclusively established and the well-pleaded factual allegations in the complaint are accepted as true. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–19 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

In exercising its discretion, a court must consider several factors: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of dispute concerning material facts; (6) whether the defendants default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

### IV.  DISCUSSION

**A.  Notice**

The Court finds that Roberts has complied with all the service requirements set forth in Local Rule 55-1. Roberts served notice on Defendants through Henry

/ / /

Cervantes, Litigation Coordinator at California Mens' Colony, on November 5, 2013, in accordance with Rule 4(e)(2)(A). (ECF No. 19, 21.).)

**B.    *Eitel* Factors**

Roberts brings suit against Leyva and Kamali for assault and intentional infliction of emotional distress. The Court finds that the *Eitel* factors weigh in favor of granting default judgment.

*1.    Possibility of Prejudice to the Plaintiff*

There is a possibility of prejudice to the plaintiff when denying default judgment would leave the plaintiff without an alternate recourse for recovery. *See PepsiCo Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Both Leyva and Kamali have shown an unwillingness to participate in litigation by not answering the complaint after being personally served, leaving default judgment as Roberts's only option.

*2.    Merits of Plaintiff's Substantive Claim and Sufficiency of the Complaint*

These *Eitel* factors require plaintiff to "state a claim upon which they may recover." *See Phillip Morris USA, Inc. v. Castworld Prod., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003). Plaintiff need only establish a prima facie case. *See TeleVideo*, 826 F.2d at 917. While the Court accepts well-pleaded facts in the complaint as true, mere conclusions of law or fact are not considered well-pleaded facts. *See Equitable Life Assurance Soc'y of U.S. v. Brown*, 213 U.S. 25, 43 (1909).

*a.    Assault and Battery*

To prevail on an assault claim, a plaintiff must prove that (1) defendant acted with intent to cause harmful or offensive contact, or threatened to touch plaintiff in a harmful or offensive manner; (2) plaintiff reasonably believed he was about to be touched in a harmful or offensive manner or it reasonably appeared to plaintiff that defendant was about to carry out the threat; (3) plaintiff did not consent to the defendant's conduct; (4) plaintiff was harmed; and (5) defendant's conduct was a substantial factor in causing plaintiff's harm. *So v. Shin*, 212 Cal. App. 4th 652, 668–

69 (Ct. App. 2013). An assault occurs once "violence is commenced." *See Mathews v. Workmen's Comp. Appeals Bd.*, 17 Cal. App. 3d 1083, 1083 (Ct. App. 1971). Further, "in order to establish a case of civil assault and battery, all that is necessary is that the evidence show that plaintiff's injury was caused by defendant's violence . . . ." *Lopez v. Surchia*, 112 Cal. App. 2d 314, 315 (Ct. App. 1952).

To prevail on a cause of action for battery, a plaintiff must prove that (1) defendant touched plaintiff or caused plaintiff to be touched, with the intent to harm or offend plaintiff; (2) plaintiff did not consent to the touching; (3) plaintiff was harmed or offended by defendant's conduct; and (4) a reasonable person in the plaintiff's position would have been offended by the touching. *See So*, 212 Cal. App. 4th at 669. "If the cause of action is an alleged battery committed in the performance of an unlawful or wrongful act, the intent of the wrongdoer to injure is immaterial." *Lopez*, 112 Cal. App. 2d at 315.

Plaintiff offers evidence to support both claims. Roberts sustained multiple, serious injuries when Defendants stabbed him. The stabbing demonstrates Defendants' intent to cause harmful contact. That Roberts was stabbed in the torso and chest area provides prima facie evidence that he reasonably believed he was about to be stabbed. Roberts did not consent to the stabbing and was harmed by it. Being stabbed multiple times would also offend a reasonable person. Once the Defendants engaged in the violent act of stabbing Roberts, the assault was complete. Because Roberts' injuries were caused by Defendants' stabbing, they are liable for civil assault and battery. And since that act was unlawful, Roberts need not prove an intent to injure to prevail on a battery claim.

### b. *Intentional Infliction of Emotional Distress*

A cause of action for intentional infliction of emotional distress requires that a plaintiff prove (1) extreme and outrageous conduct by the defendant with the intention of causing or reckless disregard of the probability of causing emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's

injuries were actually and proximately caused by the defendants outrageous conduct. The outrageous conduct required by the defendant must be "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *See Cervantez v. J.C. Penney Co.*, 24 Cal. 3d 579, 593 (1979). The intent element requires that, in the absence of proof to sustain actual intent, "defendants conduct be directed at the plaintiff or occur in the presence of a plaintiff of whom the defendant is aware." *Potter v. Firestone Tire and Rubber Co.*, 6 Cal. 4th 965, 1002 (1993). A defendant may fulfill the specific intent requirement if he acts recklessly in disregard of the likelihood that he will cause emotional distress to the plaintiff. *Katsaris v. Cook*, 180 Cal. App. 3d 256, 268 (Ct. App. 1986). A plaintiff can prove reckless disregard circumstantially by the actor's conduct. *See id.*

Here, Roberts offers evidence to support a claim for intentional infliction of emotional distress. Putting aside the convictions for attempted murder, it can not be seriously debated that the savage assault upon Roberts is not conduct tolerated in a civilized community. While Roberts offers no evidence to support his conclusory assertion of actual intent, the Court can infer, at a minimum, Defendants reckless disregard from facts alleged in the Complaint. Being stabbed multiple times is likely to cause emotional distress. Defendants' act of stabbing Roberts multiple times—in spite of the likelihood that any violent crime would result in emotional distress—supports the specific-intent requirement. Roberts therefore offers evidence that he has suffered extreme emotional distress as a result of the assault.

### 3. *Sum of Money at Stake*

The amount of money at stake weighs in favor of default judgment when "the sum of money is reasonably proportionate to the harm caused by the defendant's actions." *See Landstar Ranger v. Parth Enter., Inc.*, 725 F. Supp. 2d 916, 921–22 (C.D. Cal. 2010). This factor favors default here because Roberts has not asked for any money in the Complaint or the Motion for Default Judgment. Therefore, there is no sum of money to weigh against the harm resulting from the Defendants' actions.

### 4. *Possibility of Dispute Concerning Material Facts*

If default has been entered and plaintiff has filed a well-pleaded complaint alleging the facts necessary to establish its claims, there is only a remote possibility of dispute concerning material facts. *See Phillip Morris USA, Inc.*, 219 F.R.D. at 500. Here, Roberts establishes the facts necessary to establish claims for assault and battery. With regards to Roberts claim for intentional infliction of emotional distress, Roberts does not offer any evidence of actual specific intent, other than the circumstances of the assault itself.. Multiple punctures to the head, neck, torso and back support the reasonable inference that the assault was intentional. Defendants could not offer a credible defense of accident or self-defense, therefore this factor weighs in favor of a default judgment in favor of plaintiff.

### 5. *The Possibility of Excusable Neglect*

There is little possibility of excusable neglect and default judgment is favored when the defendant fails to respond after being properly served. *See WeCoSign Inc. v. IFG Holdings*, 845 F. Supp. 2d. 1072, 1082 (C.D. Cal. 2012). This factor favors default judgment in this case because both Defendants have failed to respond after being properly served.

### 6. *Policy for Deciding Cases on the Merits*

There is a strong preference for deciding each case on its merits whenever "reasonably possible." *See Landstar*, 725 F. Supp. 2d at 922. However, this preference alone is not dispositive, and a defendant's "failure to answer plaintiff's complaint makes a decision on the merits impractical if not impossible." *PepsiCo Inc.*, 238 F. Supp. 2d at 1177. This factor favors default judgment because Defendants have failed to respond to Robert's complaint.

**C. Remedies**

"The plaintiff's demand for relief must be specific and it must 'prove up' the amount of damages." *Landstar*, 725 F. Supp. 2d at 923; *see also PepsiCo Inc.*, 238 F. Supp. 2d at 117; *Phillip Morris* 219 F.R.D. at 501. "If the facts necessary to

determine the damages are not contained in the pleadings, or are legally insufficient, they will not be established by default." *G&G Closed Circuit Events, LLC. v. Espinosa*, No. C 12-06349 CRB, 2013 WL 4520018, at *2 (N.D. Cal. 2013).

V.  **ROBERTS DOES NOT DEMAND ANY SPECIFIC RELIEF, AND NO EVIDENCE IS OFFERED TO "PROVE UP" MONETARY DAMAGES OF ANY AMOUNT.  THE PLEADINGS ARE LEGALLY INSUFFICIENT TO SUPPORT ANY DAMAGE AWARD.  WHILE ROBERTS ALLEGES DAMAGES IN HIS COMPLAINT, HE OFFERS NO WAY TO DETERMINE OR ASSESS THOSE DAMAGES.  ROBERTS ALSO FAILS TO PRESENT ANY DOCUMENTATION TO AID THE COURT IN QUANTIFYING HIS DAMAGES OR CALCULATING AN AWARD.  THEREFORE, WHILE ROBERTS PREVAILS ON THE *EITEL* FACTORS, THIS COURT CANNOT AWARD HIM ANY DAMAGES.CONCLUSION**

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion and awards Roberts nothing.  A judgment will issue.

**IT IS SO ORDERED.**

March 5, 2014

_____
                 **OTIS D. WRIGHT, II
        UNITED STATES DISTRICT JUDGE**