O

# United States District Court
# Central District of California

| | |
|---|---|
| ANTWAREN ROBERTS,<br><br>                    Plaintiffs,<br><br>        v.<br><br>JERRY BROWN; MATTHEW CATE;<br>TODD RODIN; STEVEN HOLDER;<br>RON HUGHES; K. SMITH; TODD<br>LANSFORD; ARBI MASHI KAMALI;<br>DANNY LEYVA; DOES 1–50;<br><br>                    Defendants. | Case No. 2:13-cv-07461-ODW(JCx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND [76]** |

## I.   INTRODUCTION

Defendants Arbi Mashi Kamali and Danny Leva stabbed Plaintiff Antwaren Roberts in his cell at California Men's Colony prison in San Luis Obispo, California. Roberts subsequently filed suit against myriad government and corrections-officer defendants alleging that they had violated the Eighth Amendment's prohibition against cruel and unusual punishment in failing to protect him.

After the Court granted Defendants' last Motion to Dismiss in part, Roberts whittled his claims and the defendants presently subject to them down to just the

Eighth Amendment violation under 42 U.S.C. § 1983. But after considering Roberts's new allegations, the Court still finds that Roberts has failed to establish actionable constitutional violations against the remaining defendants.[1] The Court accordingly **GRANTS** their Motion to Dismiss **WITHOUT LEAVE TO AMEND**.[2]

## II. FACTUAL BACKGROUND

As this is the second time the Court has considered Roberts's factual allegations, the Court incorporates its previous factual background into this Order. (ECF No. 67.)

On April 1, 2014, the Court granted in part Defendants' previous Motion to Dismiss, thus eliminating several of Roberts's claims without leave to amend. (ECF No. 67.) Roberts thereafter filed his Second Amended Complaint. (ECF No. 74.) He brings this Complaint only against Defendants Jerry Brown, Matthew Cate, Todd Rodin, Steven Holder, Ron Hughes, K. Smith, Todd Lansford, Arbi Mashi Kamali, and Danny Leyva.[3] (*Id.*) Officers Soto and Blankenship are therefore no longer subject to suit. Roberts also only brings his Eighth Amendment claim under 42 U.S.C. § 1983 against these defendants.

On May 2, 2014, Rodin answered the Second Amended Complaint. (ECF No. 75.) That same day, Brown, Cate, Holder, Hughes, Smith, and Lansford (collectively, "Defendants") moved to dismiss the Second Amended Complaint. (ECF No. 76.) The Court initially struck Roberts's opposition brief, as it exceeded the page limitation set forth in Local Rule 11-6. (ECF No. 80, 81.) But the Court ultimately granted an ex parte application allowing Roberts to file an appropriate-length brief. (ECF No. 85–86, 88.) Defendants' Motion is now before the Court for decision.

/ / /

---

[1] Rodin has since answered the Second Amended Complaint and thus did not join in this Motion.

[2] After considering the papers filed in support of, and in opposition to, the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7–15.

[3] On March 5, 2014, the Court granted default judgment against Defendants Kamali and Leyva and entered partial judgment in Roberts's favor. (ECF Nos. 62, 63.)

## III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV. DISCUSSION

Defendants argue that Roberts still has not been able to plead an actionable Eighth Amendment violation and that qualified immunity shields them from liability. The Court agrees.

**A. Eighth Amendment**

Section 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. A plaintiff must show that (1) a right secured by the Constitution was violated, and (2) the deprivation of that right was committed by a person acting under the color of

state law. *Chidacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011); *Shah v. Cnty. of L.A.*, 797 F.2d 743 (9th Cir. 1986).

Roberts contends that Defendants violated his Eighth Amendment rights because they acted with "deliberate indifference" by failing to act reasonably to avoid the risk of harm to Roberts's safety.

As the Court previously reviewed, the Eighth Amendment protects prisoners from "cruel and unusual punishment," which includes heinous methods of punishment and inhumane confinement conditions. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials have a duty to take reasonable measures to protect prisoners from being attacked by fellow inmates. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Consequently, prison officials violate the Eighth Amendment when they are "deliberately indifferent" to the risk that a prisoner will be harmed by other inmates. *Id.* at 833.

A prison official can be liable only when he is aware that a substantial risk of serious harm exists and intentionally disregards it. *Id.* at 837. Thus, the onus is on the plaintiff to show that (1) the conditions presented an objectively substantial risk of harm that constituted cruel and unusual punishment; and (2) that prison officials subjectively knew of an excessive risk to inmate health and safety and failed to adequately respond to that risk. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

Roberts has once again failed to state a viable Eighth Amendment claim against any remaining defendant. The Court accordingly grants Defendants' Motion without leave to amend.

*1.     Holder*

Defendants argue that Holder is not subject to liability, because Roberts failed to establish that Holder subjectively knew of an excessive risk of harm presented to Roberts during the pill count.

The Court agrees with Defendants. Roberts's sole allegation specifically identifying Holder's conduct states that "Defendant Holder was on the second tier,

oblivious to the chaos taking place on the tier above, until he heard a P.A.D. alarm and observed Plaintiff on the landing." (SAC ¶ 58.) As Defendants point out, Holder cannot simultaneously subjectively know of a risk and also be "oblivious" to it. Roberts's claim against Holder necessarily fails as a matter of logic and law.

### 2. *Hughes and Smith*

Roberts alleges that "Defendant Rodin's incident reports, [*sic*] were corrected for grammar, spelling and clarification, and re-written, at least 4 (four) times at the direction of Defendant Smith and Defendant Hughes, in an effort to cover-up their failure to ensure that their continued policy of violations of title 15 were covered up." (SAC ¶ 67 (emphasis omitted).) Taking this allegation as true, it does not establish an actionable Eighth Amendment violation. Roberts has not alleged that Hughes and Smith were subjectively aware of a substantial risk of harm posed to Roberts surrounding the pill-count incident. Smith and Hughes's after-the-fact participation cannot render them liable for events that occurred before they entered the picture.

### 3. *Lansford*

Roberts does not specifically allege that Lansford did anything related to Roberts's attack. Rather, he only alleges that "Defendant Lansford was at all times material to the allegations in this Complaint, acting in his capacity as a correctional sergeant and responder employed by the California Department of Corrections, and was acting under color of state law." (SAC ¶ 23 (emphasis omitted).) This allegation—without more—cannot establish Eighth Amendment liability as a matter of law. As the Ninth Circuit held, "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Supervisory liability therefore still requires that the supervisor "knew" of the constitutional violations. But since Roberts has failed to allege any
///

conduct by Lansford—let alone actions relating to his state of mind—his claim necessarily fails.

   *4.  Brown and Cate*

   Roberts's vicarious-liability problem similarly plagues his claims against Brown and Cate as well. These Defendants can only be liable for their own constitutional violations—not the actions of other defendants or nonparties that contributed to Roberts's attack.

   Roberts again sets forth a lengthy history of California prison overcrowding despite the Court's admonition that this information was not relevant to proving his claims. He contends that Brown and Cate refused to implement prison-overcrowding-reduction orders, which resulted in a breakdown of the inmate classification system. (SAC ¶ 70.) The overcrowding and ensuing problems thus increased the dangers and potential for violence, thus exhibiting a deliberate indifference to inmates' rights under the Eighth Amendment. (*Id.*)

   The only relevant issue under the Eighth Amendment is whether Brown and Cate subjectively knew of an excessive risk of injury to Roberts. But Roberts has again set forth no allegations linking Brown and Cate to this specific incident. That Brown and Cate may have been negligent or even reckless in their alleged failure to implement the population-reduction orders is entirely irrelevant. They must have subjectively known of a risk specifically presented to Roberts. Since Roberts has demonstrated that he is unable to overcome that pleading hurdle, the Court finds that his claim against Brown and Cate fail.

   The Court thus **GRANTS** Defendants' Motion on the Eighth Amendment ground. Since this is Roberts's third pleading in this case, he has exhibited his inability to allege actionable violations. Any amendment would thus be futile, and the Court will not permit it. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

### B. Qualified immunity

Because the Court determines that Roberts has filed to state an actionable Eighth Amendment claim against any remaining defendant, Defendants are necessarily entitled to qualified immunity. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001) (holding that a constitutional violation is a prerequisite to § 1983 liability).

### V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' Motion to Dismiss **WITHOUT LEAVE TO AMEND** as to Defendants Brown, Cate, Holder, Hughes, Smith, and Lansford. (ECF No. 76.) The case will continue as to Defendant Rodin alone.

**IT IS SO ORDERED.**

May 30, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**