O

# United States District Court
# Central District of California

| | |
|---|---|
| ANTWAREN ROBERTS,<br><br>                Plaintiff,<br><br>         v.<br><br>JERRY BROWN; MATTHEW CATE;<br>TODD RODIN; STEVEN HOLDER;<br>RON HUGHES; K. SMITH; TODD<br>LANSFORD; ARBI MASHI KAMALI;<br>DANNY LEYVA; DOES 1–50;<br>                Defendants. | Case No. 2:13-cv-07461-ODW(JCx)<br><br>**ORDER DENYING MOTION FOR TEMPORARY STAY OF PROCEEDINGS [92]** |

## I. INTRODUCTION

Plaintiff Antwaren Roberts filed this civil-rights complaint against several California government and prison officials after Defendants Arbi Mashi Kamali and Danny Leyva stabbed him in his prison cell.  After he filed suit, the State of California filed two criminal cases against Roberts arising out of different facts.  Roberts has since filed this Motion seeking a temporary stay of this action pending resolution of those cases.

But the only overlap between this action and the criminal cases is the gang-activity allegations. Due to that dissimilarity and the prejudice a stay would work upon Defendant Todd Rodin, the Court **DENIES** Roberts's Motion.[1] (ECF No. 92.)

## II. FACTUAL BACKGROUND

On October 8, 2013, Roberts—an admitted West Coast Crip gang member—filed this action against several California government and prison officials arising out of an incident in which Defendants Kamali and Leyva stabbed him in his cell at California Men's Colony prison.

On December 4, 2013, Roberts was arrested and charged with violating California Penal Code section 187(a) and 664 (attempted murder); 245(b) (assault with a firearm); and 2900(a)(1) (possession of a firearm by a felon). (Mot. Ex. A); *People v. Roberts*, No. SCD 252523 (S.D. Cnty. Super. Ct. Info. filed Dec. 27, 2013). The State alleges that Roberts, along with other West Coast Crip gang members, attempted to kill Krystal Sharkey—also a West Coast Crip gang member—by shooting her multiple times in the chest. (Mot. Ex. A.) Sharkey was pregnant at the time; both she and the baby survived. (*Id.*) Trial is currently set for August 18, 2014.

On April 17, 2014, Roberts was arraigned on a complaint in which the State has charged Roberts with violating Penal Code sections 236 and 237 (false imprisonment by violence); 186.22(a) (participation in a gang crime); and 182(a) conspiracy. *People v. Roberts*, No. SCD 255207 (S.D. Cnty. Super. Ct. Compl. filed Apr. 9, 2014.) This case involves allegations that Roberts participated in the beating of fellow inmate Aovielle Barnes in February 2014. (Mot. Ex. B.) The state court has set trial for September 15, 2014.

On April 23, 2014, the United States Attorney's Office for the Southern District of California obtained an indictment against more than 17 West Coast Crip gang members. The United States alleges that these individuals violated the Racketeer

---

[1] After considering the papers filed in support of, and in opposition to, the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

Influenced Corrupt Organizations Act, 18 U.S.C. § 1962(d). Roberts is not named in the indictment, but the United States did include Roberts' San Diego state criminal case as part of the allegations of criminal gang activity.

On June 19, 2014, Roberts moved to stay this action pending resolution of two criminal cases pending against him. (ECF No. 92.) Defendant Todd Rodin timely opposed. (ECF No. 93.) That Motion is now before the Court for decision.

### III.　LEGAL STANDARD

The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of related criminal proceedings. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995.) It is constitutionally permissible for a defendant to have to choose between testifying in a civil matter and asserting his Fifth Amendment privilege. *Id*. While a stay is an "extraordinary remedy that should be granted only when justice so requires," *Chao v. Fleming*, 489 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007), a court may decide in its discretion to stay civil proceedings when the interests of justice require it. *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899 (9th Cir. 1989).

In deciding whether to stay civil proceedings in light of parallel criminal proceedings, courts consider the following six factors: (1) the extent to which the defendant's Fifth Amendment rights are implicated; (2) the plaintiff's interests in proceeding expeditiously and potential prejudice resulting from a delay; (3) judicial efficiency; (4) the interests of nonparties; and (5) the public's interests in the pending civil and criminal litigation. *Keating*, 45 F.3d at 324–25.

### IV.　DISCUSSION

Citing self-incrimination concerns, Roberts moves to stay this civil action pending resolution of his two San Diego County criminal cases, which should be resolved by the end of September 2014. Rodin opposes the Motion, arguing that courts only stay civil cases pending related criminal cases when the defendant—not the plaintiff—in the civil action is subject to Fifth Amendment concerns. The Court

agrees with Rodin that the Ninth Circuit's test expounded for this situation does not weigh in Roberts's favor.

**A.      Implication of Fifth Amendment rights**

While the extent to which a defendant's Fifth Amendment rights are implicated is a significant factor, it is only one consideration to be weighed against the other five factors. *Keating*, 45 F.3d at 326. Courts have recognized that there is a strong case in favor of a stay after a grand jury returns a criminal indictment and where there is a large degree of overlap between the facts involved in both cases. *See Molinaro*, 889 F.2d at 903; *Sec. & Exch. Comm'n v. Dresser Indus.*, 628 F. 2d 1368, 1375–76 (D.C. Cir. 1980); *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007); *McCormick v. Rexroth*, No. C 09-4188 JF, 2010 WL 934242, at *2 (N.D. Cal. Mar. 15, 2010). But a stay is not warranted where a defendant's Fifth Amendment rights can be protected "through less drastic means, such as asserting the privilege on a question-by-question basis . . . ." *Doe v. City of San Diego*, No. 12-cv-689-MMA-DHB, 2012 WL 6115663, at *2 (S.D. Cal. Dec. 10, 2012).

While a defendant in a criminal case may constitutionally assert her Fifth Amendment rights with no adverse consequence, a trier of fact in a civil case may draw an adverse inference from invocation of the Fifth Amendment. *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1264 (9th Cir. 2000). But the Ninth Circuit has recognized that this consequence alone does not compel a stay pending the outcome of a related criminal case. *Keating*, 45 F.3d at 326.

Roberts argues that, while the facts involved in the criminal cases do not arise out of the same set of facts as this action, they all involve gang-activity allegations, including gang activity inside California state jails. Roberts contends that having to answer gang-related questions could subject him to life in prison due to the gang-enhancement charges alleged in the state-court cases.

Rodin points out that the dissimilarity between the civil and criminal cases counsels against a stay, as they are only "marginally" related. Rodin also notes that

Roberts admitted in his Second Amended Complaint that he is a San Diego Crip gang member.

The Court agrees with Rodin. While both the civil and criminal cases involve gang-related-activity allegations, the similarities end there. This is not a situation where the civil and criminal cases are essentially carbon copies of each other. Rather, Roberts filed this civil action months before the criminal conduct alleged in the two state-court cases. Allowing a stay when there is such slight similarity between cases would eviscerate this element of the *Keating* rubric.

Moreover, if Roberts does encounter a discovery request in this action that could inculpate him in criminal activity, he can simply invoke the Fifth Amendment Privilege Against Self-Incrimination so long as he has not waived it. That ability therefore mollifies any incrimination concerns.

### B.     Prejudice to plaintiff

Courts have recognized that a civil plaintiff has an interest in having her case resolved quickly. *See S.E.C. v. Loomis*, No. 2:10-cv-00458-KJM-KJN, 2013 WL 4543939, at *2 (E.D. Cal. Aug. 27, 2013.) Courts have also recognized that there may be prejudice to a plaintiff where a stay of discovery might result in her inability to locate other potential defendants. *See Gen. Elec. Co. v. Liang*, No. CV 13-08670 DDP(VBKx), 2014 WL 1089264, at *4 (C.D. Cal. Mar. 19, 2014).

Roberts contends that this element weighs in his favor because he is the plaintiff in this action and is willing to accept any prejudice that will result from a stay. But Rodin argues that the Court should analyze this factor with respect to him, as he is the one who would have to await resolution of the criminal cases before adjudicating his potential liability in this action.

Rodin's point is well taken. The several Ninth Circuit cases invoking the *Keating* analysis have involved a defendant in a civil action seeking to stay the civil case pending resolution of a nearly identical criminal case. The prejudice-to-the-plaintiff element therefore addresses the effect on the person who would have to wait

for justice while the criminal case chugged along. Here, Rodin is the person who would have to sit idly by until the state court resolves Roberts's criminal cases. While Roberts anticipates that those trials will be finished by the end of September, it would not be surprising if the trials were continued for any number of reasons. Rodin has a strong interest in determining his potential liability in this action quickly. A stay would prejudice that interest.

### C.   Burden on criminal defendant

Courts have found that even when a defendant's Fifth Amendment rights are implicated, this factor does not support granting a stay unless the defendant can show other "compelling factors as described in *Keating*." *See Gen. Elec. Co.*, 2014 WL 1089264, at *5.

Roberts has not demonstrated any other compelling reasons for a stay, especially since he can invoke the Fifth Amendment during discovery.

### D.   Judicial efficiency

Courts have recognized that this *Keating* factor normally does not favor granting a stay, because "the court has an interest in clearing its docket." *Molinaro*, 889 F.2d at 903.

It would of course be inefficient for the Court to stay this case pending the resolution of not one but two criminal cases. This factor is especially compelling in this situation because the Court has already had to resolve several motions and other procedural issues, and this case only recently emerged from the motion-to-dismiss stage.

### E.   Public's interest

The public has a demonstrated interest in having the Court as an institution quickly and efficiently resolve the disputes before it. A stay would run counter to that interest.

/ / /

/ / /

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Roberts's Motion for Temporary Stay of the Proceedings. (ECF No. 92.)

**IT IS SO ORDERED.**

July 14, 2014

_____
                **OTIS D. WRIGHT, II**
            **UNITED STATES DISTRICT JUDGE**