IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **ANTWAREN ROBERTS** | CASE NO. **2:13-cv-07461-ODW-JCx** |
| Plaintiff, | **PROTECTIVE ORDER** |
| v. | [*Stipulated Protective Order Filed Concurrently Herewith*] |
| **JERRY BROWN, et al.** | |
| Defendants. | Courtroom: 20 – 3rd Floor<br>Magistrate Judge: Hon. Jacqueline Chooljian |
| | **<u>DISCOVERY MATTER</u>** |
| | [CHANGES MADE BY COURT TO PARAGRAPHS 2-4, 6-7, 11-12, 14 AND 16] |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

-1-

## ORDER

Based on the stipulation of the parties filed concurrently herewith, and for good cause shown, the Court makes the following orders:

1. In connection with discovery proceedings in this action, the Parties and any third parties, including the CDCR, that produce documents to the Parties in response to subpoenas, Court order or otherwise, may designate any document, thing, material, testimony, or other information derived from them, as "Confidential" under the terms of this Stipulated Protective Order ("Order"). Confidential information is information that has not been made public or that concerns or relates to the processes, operations, investigations, or other information relating to the CDCR, disclosure of which may have the effect of causing harm to the safety and security of the prison, prison staff, inmates, the public, Plaintiff, or Defendant. Confidential information is also personal information of the Parties, including home addresses, social security numbers, telephone numbers, email addresses, names or identifying information of family members, the disclosure of which places the safety of the Parties, who include a current correctional officer and inmate, and their family members at risk. Confidential information also includes all personal identifying information of any current or former inmate, current or former CDCR employee, and any third party entitled to confidential protection of personal identifying information under California and/or applicable federal law. The signatories to this proposed order reserve the right to redact such personal identifying information from any "Confidential" document.

2. The documents that Parties or third parties deem to comprise or contain Confidential information shall be designated by prominently stamping or marking the documents or things with the term "CONFIDENTIAL." Documents will only be labeled "CONFIDENTIAL" based on a good faith belief and basis in law and in fact that it should truly be withheld from public disclosure. Materials

designated as Confidential, and the information contained in them, may be disclosed only to the Court/Court personnel, to counsel for the Parties and counsel for CDCR (including paralegals, clerical and secretarial staff employed by counsel), the Parties, and to "qualified persons" listed in Paragraph 6 below.

3.   The Parties and third parties may further designate certain discovery material or testimony of a highly confidential nature by prominently stamping or marking the documents or things with the phrase "CONFIDENTIAL – ATTORNEY'S EYES ONLY" ("AEO Material").  AEO Material, and the information contained therein, may be disclosed only to the Court/Court personnel, to counsel for the Parties and counsel for CDCR (including paralegals, clerical and secretarial staff employed by counsel), and to "qualified persons" listed in Paragraph 7 below, but will not be disclosed to the Plaintiff personally unless otherwise agreed or ordered.  Documents will only be labeled "CONFIDENTIAL – ATTORNEY'S EYES ONLY" based on a good faith belief and basis in law and in fact that it should truly be withheld from disclosure to anyone other than those persons identified in this paragraph and to "qualified persons" listed in Paragraph 7 below.  If disclosure of AEO Material is made, all other provisions in this Order with respect to confidentiality will also apply.

4.   Testimony taken at a deposition may be designated as Confidential or AEO Material by making a statement to that effect on the record at the deposition. Arrangements will be made with the court reporter taking and transcribing the proceeding to separately bind portions of the transcript containing information designated as Confidential or AEO, and to label the separately bound portions appropriately.

5.   Material designated as Confidential or AEO under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential or

AEO may only be used for the purposes of prosecuting, defending or settling this litigation and shall not be produced to any person, shared with any person, or published in any other manner except as authorized by this Order or any subsequent Order of this Court.

6. Other than as provided in Paragraph 2, information and materials designated "CONFIDENTIAL" pursuant to this Protective Order (including any copies, summaries, excerpts, and abstracts derived therefrom) may be disclosed, directly or indirectly, only to the following qualified persons:

    (a.) Experts or other persons necessarily retained by counsel to assist in the prosecution, defense, or settlement of this action, provided that said experts and consultants expressly agree to be bound by the terms of this Protective Order;

    (b.) Any non-party individual who could have had access to the Confidential material within the course and scope of his or her employment;

    (c.) Any court reporter at a deposition or other proceeding in this matter;

    (d.) Any mediator or other neutral party that is mutually selected by the Parties or appointed by the Court for the purpose of assisting in the settlement or other resolution of this action; and

    (e.) Such other persons as the Parties may agree to in writing or who may be designated by the Court.

7. Other than as provided in Paragraph 3, information and materials designated "ATTORNEYS' EYES ONLY" pursuant to this Protective Order (including any copies, summaries, excerpts, and abstracts derived therefrom) may be disclosed, directly or indirectly, only to the following qualified persons:

///

(a) Defendant Rodin and any non-party individual who could have had access to the AEO Material within the course and scope of his or her employment;

(b) Court reporters employed in this action;

(c) Expert witnesses and consultants retained by counsel to assist in the prosecution, defense, or settlement of this action, provided that said experts and consultants expressly agree to be bound by the terms of this Protective Order; and

(d) Any other person about whom the Parties in writing agree.

8. Prior to receiving any documents, things, testimony, or other information designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," each "qualified person" specified herein shall be provided with a copy of this Protective Order and shall execute a Nondisclosure Agreement in the form of Attachment "A." Counsel who discloses designated Confidential Information or AEO Material to such a "qualified person" shall maintain the executed copy of the Nondisclosure Agreement in his or her file. A copy of the executed agreement will be provided to counsel for each other party.

9. If there is a dispute about the disclosure or production of Confidential Material or AEO Material to opposing counsel, the material will be submitted to the Court for in camera review if a motion is presented to the Court under FRCP 37(a). Following in camera review, any Confidential or AEO Materials deemed relevant and ordered disclosed by the Court will be designated "Confidential" or "AEO," by the producing party and disclosed or made available as authorized by this Order or any subsequent Order of this Court.

10. This Protective Order shall not expand or restrict the rights of any party to either demand the production of any documents, things, or information, or to object to any demand for documents, things, or information, or to withhold any

documents, things, or information. Nor shall this Protective Order expand or restrict the rights of any party to seek to have the Court compel the production of any documents, things, or information.

11. If Confidential or AEO Material, including any portion of a deposition transcript designated as Confidential or AEO, is included in any papers to be filed in Court, such papers will be labeled "Confidential – Subject to Court Order" and submitted for filing under seal, in accordance with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge, including any procedures adopted under the Pilot Project for the Electronic Submission and Filing of Under Seal Documents.

12. In the event that any Confidential or AEO Material is used in any court proceeding in this action, it will not lose its confidential status through such use unless the Court otherwise orders, and the party using the material will take all reasonable steps to maintain its confidentiality during such use.

13. This Order will be without prejudice to the rights of the Parties (i) to bring before the Court at any time a question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order will not prejudice the Parties in any way in any future application for modification of this Order.

14. The Parties shall meet and confer regarding the procedures for use of Confidential Information or AEO Material at hearings and trial and shall move the Court for entry of an appropriate order.

15. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action. Nothing in this Order, or the production of any information or document under the

terms of this Order, or any proceedings under this Order will be deemed as an admission or a waiver by any party, and will not alter the confidentiality or non-confidentiality or any such document or information or alter any existing obligation of any party or the absence of obligation.

16. This Order will survive the final termination of this action, to the extent that the information contained in Confidential or AEO Material is not or does not become known to the public, and the Court will retain jurisdiction to resolve any dispute concerning the use of information disclosed under this Order. On termination of this case, including and up to the final appeal of judgment, counsel for the Parties will assemble and return to each other, within thirty days, all documents, material and deposition transcripts designated as Confidential or AEO and all copies of those materials, or will certify that they have been destroyed. The foregoing destruction/certification requirement does not apply to items/copies of items designated as Confidential or AEO in the possession of the Court/Court personnel.

17. Information or items designated as Confidential Material and/or AEO Material will not be shown or otherwise disclosed to any third parties except as specifically provided by this Order or other Order of this Court.

**IT IS SO ORDERED this 6th day of February, 2015.**

_____/s/_____
Hon. Jacqueline Chooljian
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [*print full name*], of _____ [*print address*], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California _____ in the above captioned case of *Roberts v. Brown, et al.*, Case No. 2:13-cv-07461-ODW-JCx.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction and venue of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action, and understand that the Court may impose sanctions for any violation of the attached Stipulated Protective Order.

Date:_____

Printed name: _____

Signature: _____